IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| THOMAS SCOTT, Jr. #72973, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:17-cv-00868 |
| JUSTON MARTIN, et al., | ) Judge Trauger |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Thomas Scott, Jr., a pretrial detainee in the Sumner County Jail in Gallatin, Tennessee, has filed a *pro se* complaint for alleged violation of his civil rights pursuant to 42 U.S.C. § 1983. (ECF No. 1.) This matter is before the court on the plaintiff's application to proceed *in forma pauperis* (IFP). (ECF No. 2.) In addition, the complaint (ECF No. 1) is before the court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

### A. Application to Proceed as a Pauper

Under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). Because it appears from the plaintiff's submission that he lacks sufficient financial resources from which to pay the full filing fee in advance, his application to proceed IFP (ECF No. 2) is **GRANTED**.

However, under § 1915(b), the plaintiff nonetheless remains responsible for paying the full filing fee. The obligation to pay the fee accrues at the time the case is filed, but the PLRA provides prisoner-plaintiffs the opportunity to make a "down payment" of a partial filing fee and to pay the remainder in installments. Accordingly, the plaintiff is hereby **ASSESSED** a $350 filing fee, to be paid as follows:

The custodian of the plaintiff's inmate trust fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to the plaintiff's inmate trust account; or (b) 20% of the average monthly balance in the plaintiff's inmate trust fund account for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the trust fund officer must withdraw from the plaintiff's account and pay to the Clerk of this Court monthly payments equal to 20% of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. Such payments must continue until the entire $350 filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

Each time the trust account officer makes a payment to this court as required by this order, he or she must print a copy of the prisoner's account statement showing all activity in the account since the last payment made in accordance with this order and submit it to the Clerk along with the payment. All submissions to the Court must clearly identify the plaintiff's name and the case number as indicated on the first page of this order, and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

The Clerk of Court is **DIRECTED** to send a copy of this order to the administrator of the Sumner County Jail to ensure that the custodian of the plaintiff's inmate trust account complies with the portion of 28 U.S.C. § 1915 pertaining to payment of the filing fee. If the plaintiff is transferred from his present place of confinement, the custodian **MUST** ensure that a copy of this order follows the plaintiff to his new place of confinement for continued compliance with this order.

**B.     Initial Review**

Pursuant to 28 U.S.C. § 1915(e)(2), the court is required to conduct an initial review of any complaint filed *in forma pauperis*, and to dismiss the complaint if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. In reviewing the complaint to

determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). A *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, "a court cannot create a claim which [a plaintiff] has not spelled out in his pleading." *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. Jan. 31, 2011).

The plaintiff sues under 42 U.S.C. § 1983 to vindicate alleged violations of his federal constitutional rights. Section 1983 confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

The plaintiff alleges that on April 15 or 16, 2017, Officers Martin and Hunt, Lt. Riker and two John Doe defendants unexpectedly entered his jail cell and physically assaulted him "for no righteous reason," including pushing him, spraying him (presumably with pepper spray), choking him and kneeing him. (ECF No. 1, at 7.) He alleges that he requested medical attention but did not receive it, and that he later passed out and awoke surrounded by medical staff. (*Id.*) The plaintiff says that he informed Sgt. Bean that he wanted to press assault charges on the defendants who assaulted him, but Sgt. Bean refused. (*Id.*) He seeks unspecified money damages. (*Id.* at 8.)

To prevail on an excessive force claim under the Fourteenth Amendment's Due Process Clause, "a pretrial detainee must show only that the force purposely or knowingly used against

him was objectively unreasonable." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015). The Supreme Court has expressly rejected application in the pretrial detention context of "a subjective standard that takes into account a defendant's state of mind." *Id.* The court has also identified a non-exclusive list of factors that might be relevant to the objective reasonableness of the force used: "the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting." *Id.*, 135 S. Ct. at 2473. The plaintiff's allegation that Martin, Hunt, Riker and the two John Does physically assaulted him without justification are sufficient to state a claim under this standard for the purpose of initial review.

Deliberate indifference to a prisoner's serious medical needs "constitutes the unnecessary and wanton infliction of pain" and violates the constitution.[1] *Ruiz v. Martin*, 72 F. App'x 271, 275 (6th Cir. 2003) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). The "deliberate indifference" necessary to violate the constitution is a higher standard than negligence and requires that the official know of and disregard an excessive risk to the inmate. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Villegas v. Metro. Gov't of Nashville*, 709 F.3d 563, 570 (6th Cir. 2013). The plaintiff alleges that he asked for medical attention, but he does not actually allege that he was seriously injured or what medical attention he required. The only fact in the complaint from which the court could infer that the plaintiff required medical attention is that some time after the alleged assault he passed out, at which

---

[1] Eighth Amendment case law is relevant to this claim, because detainees have rights under the Fourteenth Amendment that are analogous to those provided by the Eighth Amendment. *Miller v. Calhoun Cnty.*, 408 F.3d 803, 812 (6th Cir. 2005) ("Although the Eighth Amendment's protections apply specifically to post-conviction inmates, the Due Process Clause of the Fourteenth Amendment operates to guarantee those same protections to pretrial detainees as well.").

point he clearly did receive medical attention. Because the plaintiff does not allege that he had an obviously serious medical need before that time, he has not stated a claim for deliberate indifference.

Finally, the plaintiff's claim against Bean for refusing to initiate criminal prosecution of the other defendants does not establish any violation of the plaintiff's constitutional rights. An inmate who has been assaulted "does not have a constitutional right to have a particular person criminally charged and prosecuted." *Napier v. Baron*, 198 F.3d 246, 1999 WL 1045169, at *1 (6th Cir. Nov. 9, 1999); *see also Gresham v. Granholm*, No. 2:09-CV-231, 2010 WL 104700, at *3 (W.D. Mich. Jan. 7, 2010) (dismissing inmate's § 1983 claim for refusing to investigate alleged assault by staff) (citing *Poe v. Haydon*, 853 F.2d 418, 427-428 (6th Cir.1988)); *Irons v. Trani*, No. 06-cv-02254, 2008 WL 821903, at *2, 7 (D. Colo. March 24, 2008) (adopting Report & Recommendation and dismissing Eighth Amendment claim based on prison officials' failure to punish inmate's alleged attacker was without merit). Because this is the only claim in which Bean is implicated, he is **DISMISSED** from this action.

The Clerk is **INSTRUCTED** to send the plaintiff service packets (a blank summons and USM 285 form) for the remaining defendants. The plaintiff **MUST** complete the service packets and return them to the Clerk's office within **21 days** of the date of this order. Upon return of the completed service packets, **PROCESS SHALL ISSUE**. The plaintiff is warned that process cannot be served upon an unidentified defendant. The plaintiff is obligated to conduct a reasonable investigation or, if necessary, to conduct discovery to promptly determine the full names of the Doe defendants, and to file a timely motion pursuant to Fed. R. Civ. P. 15(a) for leave to amend his complaint to correctly identify the defendants by name. If the plaintiff is unable to discover the names of his defendants on his own, he may file a motion seeking the court's assistance to do so. The failure to return the completed service packets within the time required could jeopardize prosecution of this action, but the plaintiff may request additional time for complying with this order if necessary. The plaintiff's failure to advise the court promptly of

any change of his address may result in the dismissal of this lawsuit for failure to prosecute.

This action is **REFERRED** to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court. Despite the issuance of process, the Magistrate Judge may *sua sponte* recommend the dismissal of any claim for the reasons set forth in 28 U.S.C. § 1915(e)(2).

It is so **ORDERED**.

Aleta A. Trauger
United States District Judge